IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Saundra S. Hicks, | ) | C/A No.: 3:10-1156-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| United States, Department of the Army, | ) | |
| Fort Jackson; Virginia Refrigeration, Inc., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| Virginia Refrigeration, Inc., | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| McCue Corporation, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

This case is before the Court on defendant United States of America's motion to dismiss under Fed. R. Civ. P 12(b)(1) for lack of subject matter jurisdiction. (ECF No. 54). This matter has been fully briefed, and the Court heard arguments at a March 10, 2011 hearing, where the Court took the matter under advisement. After reviewing the briefs and considering the arguments on this motion, the Court grants defendant United States of America's motion to dismiss.

**I.     Facts and Procedural History**

In October 2004, an agent for Virginia Refrigeration, Inc. ("VRI") gave a quote to the

Fort Jackson Commissary for the materials and labor required to install bumper case protectors. The commissary was interested in installing these horizontal bumper rails as a way to avoid further damage from shopping carts bumping into the refrigerated cases in the store. The bumper rails that VRI included in its quote were manufactured by McCue Corporation. The United States and VRI had an existing contract for refrigeration maintenance at the commissary. After negotiating the price term in the quote, both parties signed a modification to the agreement. VRI then purchased the bumper rails from McCue and installed them at the commissary.

On September 26, 2008, the plaintiff, Saundra Hicks, was injured in the Fort Jackson Commissary when she tripped on a bumper post at the base of a refrigerated meat case. She was looking at the pork chop selection when her foot caught the vertical support of the bumper rail. The plaintiff fell, causing her hip and femur bones to fracture.

On May 6, 2010, the plaintiff sued the United States for negligence pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. § 1346. (ECF No. 1). On July 15, 2010, the plaintiff amended her complaint to include VRI as a defendant because it installed the bumpers at the Fort Jackson commissary. (ECF No. 11). On August 10, 2010, VRI then filed a third-party complaint against McCue Corporation, the designer and manufacturer of the bumper system, alleging breach of implied and express warranties. (ECF No. 18). The United States filed the instant motion to dismiss on January 20, 2011, alleging that it is not liable for VRI's conduct because VRI was an independent contractor. (ECF No. 54).

**II.     Legal Standard**

The determination of subject matter jurisdiction must be made at the outset before any determination on the merits. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998). "The plaintiff bears the burden of persuasion if subject matter jurisdiction is challenged under Rule 12(b)(1). Williams v. United States, 50 F.3d 299 (4th Cir. 1995). If the plaintiff can not overcome this burden, the Court is required to dismiss the action.

The FTCA acts as a limited waiver of the United States' sovereign immunity. It allows civil actions for money damages against the United States for the negligence or wrongful actions of United States agents or employees acting within the scope of their employment to the extent that a private party would be liable under state law. 28 U.S.C.A. § 1346(b)(1). However, an exception provides that the United States is not liable for the acts of independent contractors. 28 U.S.C.A. § 2671.

If VRI is deemed to be an independent contractor, the United States has not waived its sovereign immunity and is not subject to suit in this case. Under those circumstances, this Court would be required to dismiss the action as to the United States for lack of jurisdiction pursuant to Rule 12(b)(1).

**III.    Law and Analysis**

The United States argues that it is not liable for any alleged tortious conduct by VRI because VRI is an independent contractor. The Fourth Circuit has had occasion to deal with this issue in Williams v. United States, 50 F.3d 299 (4th Cir. 1995) (finding that the United

3

States was not liable for the tortious conduct of the company hired to maintain the premises). In that case, which involved a suit against the United States for injuries the plaintiff suffered when she fell in the lobby of a building leased by the United States, the Court looked to previous Supreme Court decisions to determine whether a contractor was independent or a government employee. The Court stated that "the United States will not be held liable under the independent contractor exception of the FTCA by virtue of entering contracts and demanding compliance with federal standards, unless the United States actually supervises the 'day-to-day operations' of the endeavor." Id. (citing Logue v. United States, 412 U.S. 521, 529 (1973)). To make this determination, a court must first look to the specific contract language. Id.

In the instant case, the contract between the United States and VRI for the purchase and installation of the bumper system was a modification from an existing contract between the parties. The contract specifically provided that VRI would purchase the materials and hire labor to do the installation. These tasks would be done without direct input from the United States.[1] Therefore, the language of this contract indicates that an agreement was made whereby VRI was to act as an independent contractor, not a government employee.

The conduct by the parties is consistent with the contract language. There have been no allegations that the United States supervised the day-to-day operations of VRI during the installation or that the Government asserted so much control over VRI that they lost

---

[1] The Court finds the negotiation of the price term to be a standard aspect of contract negotiation and does not find that it changes the nature of the relationship between the parties.

independent contractor status.

The plaintiff argues that the independent contractor exception is inapplicable to this case.[2] Instead, she claims that the United States failed to properly maintain the premises or to delegate the duty to do so. In attempting to distinguish the Williams case relied upon by the defendant, the plaintiff argues that the Government in that case had contracted with a company to keep the premises of a building safe but that the Government in the instant case contracted only for the installation of the bumper rails and not for the continued maintenance of the commissary. Id. The plaintiff contends that the United States had an ongoing duty, which was not delegated to VRI, to maintain a safe premises for its patrons.

However, this is not a typical slip and fall case where a temporary condition, such as a liquid spill or recently waxed floor, causes the plaintiff's injuries and the argument is made that the defendant should have been on notice and corrected the situation. The Court does not view this case as one of improper maintenance because the bumper rails and posts were unchanged from the time they were installed until the plaintiff's fall. There have been no allegations that, following the installation, the bumpers were altered or fell into an unsafe state due to the negligence of the United States.

### IV.    Conclusion

Because the plaintiff has failed to meet its burden in proving that the Government has

---

[2] The plaintiff actually referred to VRI as an independent contractor in her First Amended Complaint filed on July 15, 2010. (ECF No. 11). She also stated in her brief in opposition to this motion that she "agree[s] that the Government Defendants are not subject to liability for the duties they contracted with VRI to complete." (ECF No. 58).

waived its sovereign immunity, the Court grants the defendant United States of America's motion to dismiss pursuant to Fed. R. Civ. P 12(b)(1) for lack of subject matter jurisdiction.

IT IS SO ORDERED.

March 23, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge